ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| FEDERACIÓN DE MOTOCICLISMO DE PUERTO RICO INC., POR CONDUCTO DE SU PRESIDENTE GABRIEL FRANCISCO CATALA MARTÍNEZ PETICIONARIO<br><br>v.<br><br>FEDERACIÓN INTERNACIONAL DE MOTOCICLISMO LATIN AMERICA (FIMLA) POR CONDUCTO DE SU PRESIDENTE PEDRO VENTURO, JR., AILEENE M. MUDAFORT FERNANDEZ, JUAN M. CRESPO MONTOYA Y OTROS RECURRIDO | TA2026CE00743 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm: SJ2025CV08915<br><br>Sobre: Enriquecimiento injusto |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo

Rivera Marchand, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 29 de junio de 2026.

La Federación de Motociclismo de Puerto Rico, Inc., por conducto de su presidente, Gabriel Francisco Catalá Martínez, (parte peticionaria) comparece ante esta Curia y solicita que revoquemos la *Orden* notificada por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario), el 12 de febrero de 2026.[1] Mediante el referido dictamen, el foro primario denegó tres petitorios para la expedición de emplazamientos por edicto.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* y revocamos el dictamen recurrido.

---

[1] Entrada Núm. 41 en el expediente electrónico del portal del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial.

**I.**

El 2 de octubre de 2025 la Federación de Motociclismo de Puerto Rico, Inc. instó una *Demanda*[2] sobre enriquecimiento injusto contra la Federation Internationale de Motociclisme (FIM), por conducto de su presidente Jorge Viegas, la Federación Internacional de Motociclismo Latin America (FIMLA) representado por su presidente Pedro Venturo, Jr., el señor Juan M. Crespo Montoya, la señora Meraris Báez Gómez (Sra. Báez Gómez) y la señora Aileene M. Mudafort Fernández, por sí, y en representación de la Fede Moto Puerto Rico Corp. (Fede Moto) (en conjunto, demandados).[3] En su petición, expuso que la FIM constituía la organización mundial rectora de las competencias internacionales de motociclismo, de la cual la FIMLA formaba parte y era la entidad encargada de regular las competencias de motociclismo en Latinoamérica, región en la que competía Puerto Rico. Asimismo, sostuvo que ambas corporaciones foráneas ostentaban personalidad jurídica propia, con capacidad para demandar y ser demandadas.

Como fundamento para la causa de acción, alegó que los demandados confabularon con el propósito de transferir a Fede Moto los derechos, prerrogativas, y relaciones deportivas de las que disponía la Federación de Motociclismo de Puerto Rico, Inc. Añadió que, las actuaciones de los demandados infringieron en los haberes y derechos de afiliación que mantenía con la FIM y FIMLA. En consecuencia, la parte peticionaria reclamó una suma ascendente a 11,949 euros en concepto de fondos adquiridos a sus expensas, así como el resarcimiento por los daños y perjuicios ocasionados.

En lo aquí atinente, el 15 de enero de 2026 la parte peticionaria invocó la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap., R. 4.6, al solicitar la expedición del emplazamiento por edicto para la Sra. Báez Gómez.[4] Junto con su petición, anejó una declaración

---

[2] *Íd.*, Entrada Núm. 1.

[3] El 3 de octubre de 2025 la parte peticionaria instó una *Demanda Enmendada* a los fines de corregir errores de forma en el epígrafe. *Íd.*, Entrada Núm. 3.

[4] *Íd.*, Entrada Núm. 25

jurada que suscribió el emplazador Eliseo López Vélez (Sr. López Vélez), quien declaró lo siguiente:

1. Que mi nombre y demás circunstancias personales son anteriormente expresadas.
2. Que en el presente caso hice las gestiones para diligenciar (emplazar) a Mareris Báez Gómez parte demandada en el presente caso.
3. Que el día 27 y 29 de octubre de 2025 me person[é] a la siguiente dirección Ext. Villa Rica bloque N-35 calle 17 Bayamón, P.R. y ahi en una de las veces que fui habl[é] con un señor que me dijo que la casa est[á] alquilada y que la señora Mareris Báez Gomez no vive ahí y desconoce donde vive ella.
4. Que el día 3 y 4 de noviembre de 2025 llam[é] a número de teléfono 787-346-5154 varias veces y en una ocasión ella me contestó, pero me engach[ó] la llamada y no volvió a recibirla.
5. Que fui el día 5 de noviembre de 2025 a la polic[í]a municipal de Bayamón, policía estatal (precinto sur) de Bayamón, alcaldía de Bayamón y colecturía preguntando por la parte demanda en el presente caso Sra. Mareris Báez Gómez, a ver si saben alguna otra dirección, pero no la conocen y desconocen su dirección actual.
6. Que hoce gestiones en las redes sociales, tales como [Facebook], Instagram, X y Tic Tok a ver si conseguía alguna otra dirección, pero no conseguí nada más.
7. Que los hechos expuestos en la presente declaración jurada son ciertos por constarme de propio y personal conocimiento
8. Que entiendo y reconozco las implicaciones legales de carácter civil y/o penal que conlleva esta declaración en caso de que la misma resulte falsa, luego de haber sido orientado sobre este particular.

Atendida la referida solicitud de emplazamiento por edicto, el foro primario emitió una *Orden*[5] en la que denegó su expedición y determinó como sigue:

> Sin Lugar. Surge de la declaración jurada del emplazador que este acudió a la dirección provista en dos ocasiones; sin embargo, no detalla el horario en que se intentaron dichas diligencias, lo que resulta insuficiente para concluir que se han agotado los medios razonables para lograr un emplazamiento personal. Además, refleja un uso limitado de recursos razonables que pudieran conducir a la localización de la parte demandada.

Entretanto, el 28 de enero de 2026 la parte peticionaria radicó dos petitorios mediante los cuales solicitó el emplazamiento por edicto para la FIM y FIMLA.[6] En suma, alegó que las entidades no figuraban registradas en el Registro de Corporaciones de Puerto Rico, razón por la cual desconocía su agente residente, dirección o persona autorizada para recibir los emplazamientos. De igual forma,

---

[5] *Íd.*, Entrada Núm. 26.
[6] *Íd.*, Entrada Núm. 31 y 32.

anejó las correspondientes declaraciones juradas suscritas por el emplazador, Sr. López Vélez, junto con los resultados de las búsquedas realizadas en el Registro de Corporaciones de Puerto Rico.

En esa misma fecha, la parte peticionaria instó una *Segunda moción solicitando emplazamiento por edictos*[7] para lograr la jurisdicción sobre la señora Báez Gómez. En apoyo a su solicitud, acompañó una segunda declaración jurada suscrita por el mismo emplazador, en la cual dispuso lo siguiente:

1. Que mi nombre y demás circunstancias personales son las anteriormente expresadas.
2. Que en el presente caso hice las gestiones para diligenciar (emplazar) Meraris Báez Gómez. parte demandada en el presente caso.
3. Que el día 27 y 29 de octubre de 2025, a las 11:00 am y 6:00 pm, respectivamente, me personé a la siguiente dirección, Ext. Villa Rica bloque N-35, calle 17 Bayamón, Puerto Rico y ahí en una de las veces que fui hablé con un señor que me dijo que la casa está alquilada y que la señora Meraris Báez Gómez, no vive ahí y desconoce donde vive ella.
4. Que el día 3 y 4 de noviembre de 2025, llamé al número de teléfono (787) 346-5154 varias veces y en una ocasión ella me contestó, pero me engancho la llamada y no volvió a recibirla.
5. Que fui el día 5 de noviembre de 2025 a la policía municipal de Bayamón, policía estatal (precinto sur) de Bayamón, alcaldía de Bayamón y colecturía, preguntando por la parte demandada Meraris Báez Gómez, a ver si saben alguna otra dirección, pero no la conocen y desconocen su dirección actual.
6. Que el día jueves 22 de enero de 2026, a las 10:00 am me persone a la siguiente dirección Ext. Villa Rica bloque N-35 calle 17 Bayamón, P.R y ahí llame varias veces a la puerta de la residencia y nadie contesto
7. Que el día viernes 23 de enero de 2026, a las 2:30 pm me persone a la siguiente dirección Ext. Villa Rica bloque N-35 calle 17 Bayamón, P.R y ahí llame varias veces y nadie contesto y fui al vecino casa N 36 quien me dijo que la parte demandada Meraris Báez Gomes, no vive en esa residencia y que la misma esta alquilada y desconoce donde vive ella.
8. Que el día 26 de enero de 2026 a las 4:00 pm me persone a la siguiente dirección Ext. Villa Rica bloque N-35 calle 17 Bayamón, P.R y ahí llame varias veces, pero nadie contesto.
9. Que por segunda ocasión fui el día 27 de enero de 2026 a eso de las 11:00 am fui a la policía municipal de Bayamón, policía estatal (precinto sur) de Bayamón, alcaldía de Bayamón y colecturía preguntando por la parte demanda en el presente caso Sra. Meraris Báez Gómez, a ver si saben alguna otra dirección, pero no la conocen y desconocen su dirección actual.
10. Que he hechos gestiones en múltiples ocasiones en las redes sociales, tales como facebook, Instagram, X, y tic tok a ver si conseguía alguna otra dirección, pero no conseguí nada más.

---

[7] *Íd.*, Entrada Núm. 33.

11. Que los hechos expuestos en la presente declaración jurada son ciertos por constarme de propio y personal conocimiento.

12. Que entiendo y reconozco las implicaciones legales de carácter civil y/o penal que conlleva esta declaración en caso de que la misma resulte falsa, luego de haber sido orientado sobre este particular."

Superados múltiples asuntos procesales, entre ellos réplicas y dúplicas relacionadas a los emplazamientos por edicto, el TPI emitió una *Orden*. Mediante su dictamen, el foro primario denegó el emplazamiento por edicto a ser dirigido a la Sra. Báez Gómez, así como a las corporaciones foráneas, FIM y FIMLA. En cuanto a la Sra. Báez Gómez, determinó que la parte peticionaria no acreditó la diligencia requerida para justificar el emplazamiento por edicto. Respecto a las corporaciones extranjeras, resolvió que no demostró contactos mínimos con el foro y que, además, para diligenciar emplazamientos fuera de los Estados Unidos, se debían satisfacer las normativas internacionales.

Aun inconforme con la denegatoria a su petitorio de reconsideración emitida el 12 de mayo de 2026, la parte peticionaria instó un auto de *certiorari* ante esta Curia el 11 de junio de 2026.[8] En su recurso, le imputa al foro primario el siguiente error:

EL TRIBUNAL DE PRIMERA INSTANCIA ERRÓ AL DENEGAR LA EXPEDICIÓN DE LOS EMPLAZAMIENTOS POR EDÍCTO EN CLARO ABUSO DE DISCRECIÓN, PERJUICIO, ERROR MANIFIESTO O PARCIALIDAD.

El 22 de junio de 2026 compareció ante esta Curia, el Dr. Juan M. Crespo Montoya y Fede Moto, mediante un recurso intitulado *Moción en oposición a Certiorari*.[9] Arguyen que la parte peticionaria omitió informar al foro primario que las corporaciones foráneas en el caso de autos surgen radicadas en virtud de las leyes de Suiza, información que, según alegan, era corroborable mediante una búsqueda ordinaria en la red. Bajo ese planteamiento, aducen que la parte peticionaria indujo a error al TPI e incumplió con los

---

[8] *Íd.*, Entrada Núm. 52.

[9] Surge en el expediente de SUMAC del Poder Judicial que el recurso fue presentado en la plataforma como una petición de desestimación. Empero, subyace de su contenido una moción en oposición. *Íd.*, Entrada Núm. 2, Tribunal de Apelaciones.

requisitos reglamentarios de notificación a corporaciones extranjeras. Por ello, nos solicitan que deneguemos expedir el auto de *certiorari.*

**II.**

**A.** *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Allio v. Santiago Chardón*, 2026 TSPR 13 resuelto el 3 de febrero de 2026. Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023). A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023).

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994, 1004 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, señala los criterios que debemos tomar en consideración al

evaluar si procede expedir el auto de *certiorari. BPPR v. SLG Gómez-López,* 213 DPR 314, 337 (2023). La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Íd.* A tenor de la Regla 11(C) de nuestro Reglamento, *supra,* cuando la citada Regla 52.1 impida expedir el auto de *certiorari,* procede denegar su expedición.

**B. Emplazamiento por edicto**

El emplazamiento es el mecanismo procesal utilizado para permitirle al tribunal adquirir jurisdicción sobre la parte demandada. *Ross Valedón y otro v. Hosp. Dr. Susoni et al.,* 213 DPR 481, 487-488 (2024). A través del emplazamiento, la parte demandada queda notificada de que se ha presentado una acción judicial en su contra de manera que dicha parte pueda ejercer su derecho a ser oída y a defenderse. *Íd; Caribbean Orthopedics v. Medshape et al.,* supra. Ahora bien, nuestro más Alto Foro enfatizó que la falta de un emplazamiento correcto "produce la nulidad de la

sentencia dictada por falta de jurisdicción sobre el demandado". *SLG Rivera-Pérez v. SLG Díaz-Doe et al.*, 207 DPR 636, 647 (2021).

En nuestro ordenamiento procesal, el emplazamiento puede ser personal o a través de la publicación de un edicto. Reglas 4.4 y 4.6 de las Reglas de Procedimiento Civil, *supra.* Además, debe ser diligenciado dentro del término de ciento veinte (120) días a partir de la presentación de la demanda o una vez se autoriza y se expide el emplazamiento. Regla 4.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3.

El tribunal podrá autorizar que el emplazamiento sea por edicto cuando la persona a ser emplazada esté fuera de Puerto Rico; o estando en Puerto Rico no pudo ser localizada; o se oculte para no ser emplazada, en cuyo caso, la parte demandante tendrá que hacer constar, mediante una declaración jurada del emplazador, las diligencias que realizó para emplazar a la parte demandada. Como se sabe, de la referida declaración jurada y de la demanda también deberá surgir, que, existe una reclamación que justifique la concesión de algún remedio en contra de la persona que ha de ser emplazada; o que dicha persona es parte apropiada en el pleito. Regla 4.6 de Procedimiento Civil, *supra.* En particular, la citada regla establece que:

> (a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, y así **se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto.** No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto. La orden dispondrá que la publicación se haga una sola vez en un periódico de circulación general de la Isla de Puerto Rico.

La orden dispondrá, además, que dentro de los diez (10) días siguientes a la publicación del edicto se le dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo, siempre y cuando dicha entidad no posea vínculo alguno con la parte demandante y no tenga interés en el pleito, al lugar de su última dirección física o postal conocida, a no ser que se justifique mediante una declaración jurada que a pesar de los esfuerzos razonables realizados, dirigidos a encontrar una dirección física o postal de la parte demandada, con expresión de éstos, no ha sido posible localizar dirección alguna de la parte demandada, en cuyo caso el tribunal excusará el cumplimiento de esta disposición. (Énfasis nuestro).

Al respecto, el Tribunal Supremo de Puerto Rico ha reiterado la necesidad de que la parte demandante acredite al tribunal las diligencias que llevó a cabo para localizar sin éxito a la parte demandada mediante el emplazamiento personal y, de esa manera, justificar la solicitud de un emplazamiento por edicto. *Lanzó Llanos v. Blanco de la Vivienda,* 133 DPR 507, 513 (1993). De conformidad, la declaración jurada que acredite tales diligencias deberá detallar los hechos específicos dirigidos a localizar a la parte demandada, no meras conclusiones o generalidades. Entre otros, deberá puntualizar las personas con quienes investigó y su dirección; e inquirir información de las autoridades de la comunidad tales como la policía, la alcaldía o el servicio postal quienes han de conocer el paradero de las personas que viven en su comunidad. El foro adjudicador deberá velar la suficiencia de tales diligencias y tener cuenta de todos los recursos razonablemente accesibles que ostenta el demandante para dar con el paradero del demandado. *Sánchez Ruiz v. Higueras Pérez et al.,* 203 DPR 982, 988 (2020).

Sobre este tema, el Tribunal Supremo, citando al tratadista Cuevas Segarra, expuso que, para dar cumplimiento a la Regla 4.6 de las Reglas de Procedimiento Civil, *supra,* la declaración jurada deberá comprobar las diligencias vigorosas y el esfuerzo honesto para citar personalmente a la parte demandada. *Íd.,* pág. 989; J.A. Cuevas Segarra, *Tratado de derecho procesal civil,* 2da ed., San Juan, Pubs. JTS, 2011, T. I, pág. 356.

Una vez la parte demandante pruebe de forma fehaciente que realizó las gestiones potencialmente efectivas para encontrar a la parte demandada, el tribunal podrá otorgar el permiso para el emplazamiento por edicto. *Íd.* Una vez el foro primario autorice el emplazamiento por edicto, comenzará a cursar un nuevo término de ciento veinte (120) días para diligenciar el emplazamiento por edicto. *Bonilla Sánchez v. Orta*, 2026 TSPR 32, pág. 9.

**III.**

En su recurso, la parte peticionaria señala como único error que el foro primario actuó arbitrariamente y en exceso de su discreción al negarse a expedir los emplazamientos por edictos, al amparo de la Regla 4.6 de Procedimiento Civil, *supra.*

La parte peticionaria sostiene que cumplió con las exigencias de la referida regla al agotar las diligencias necesarias para localizar personalmente a la Sra. Báez Gómez. En cuanto a las corporaciones, aduce que acreditó, mediante declaraciones juradas, que dichas entidades no constan inscritas en el Departamento de Estado, por lo que carecen de un agente residente para ser emplazados dentro de nuestra jurisdicción.

Hemos evaluado concienzudamente el recurso ante nos y colegimos que, el foro primario incidió en su proceder, por lo que se fundamenta que ejerzamos nuestra función y facultad revisora, en esta etapa de los procesos.

Surge del dictamen impugnado que, el TPI denegó el petitorio para expedir el emplazamiento por edicto dirigido a la Sra. Báez Gómez y declaró que "no surge que se hayan utilizado herramientas que comúnmente se usan para ubicar el paradero de las personas".[10] De igual manera, dictaminó que la parte peticionaria incumplió con el requisito de acompañar declaraciones juradas en apoyo a las solicitudes de emplazamientos por edictos dirigidas a las corporaciones. Asimismo, resolvió que la parte peticionaria no

---

[10] Véase, Exhibit Núm. 41 del SUMAC del Poder Judicial.

acreditó el cumplimiento de los requisitos aplicables al emplazamiento de corporaciones extranjeras ni demostró la existencia de contactos mínimos con el foro.

En lo que respecta a la Sra. Báez Gómez, los autos del caso de epígrafe revelan que la parte peticionaria presentó una primera solicitud de emplazamiento por edicto, la cual fue declarada sin lugar por TPI. A tales efectos, el foro primario resolvió que la declaración jurada suscrita por el emplazador resultaba insuficiente, por cuanto no especificaba los horarios en que se efectuaron las visitas a la dirección provista y, además, reflejaba un uso limitado de los recursos razonables para localizar a la demandada.

En reacción, y dentro de los términos dispuestos en la Regla 4.6 de Procedimiento Civil, *supra*, la parte peticionaria instó una segunda solicitud de emplazamiento por edicto a ser dirigido a la Sra. Báez Gómez. Además, suplió una nueva declaración jurada suscrita por el mismo emplazador, quien acreditó las diligencias exigidas por el foro primario.

Nótese que, tal como dispone *Sánchez Ruiz v. Higueras Pérez et al.*, supra, la parte peticionaria acreditó al Tribunal las diligencias específicas que llevó a cabo para localizar sin éxito a la parte demandada mediante el emplazamiento personal. Conforme al expediente ante nuestra consideración, el emplazador se personó en cinco (5) ocasiones y en distintos horarios a la última dirección conocida de la Sra. Báez Gómez; a la policía municipal y estatal, la alcaldía de Bayamón y la colecturía del Municipio; realizó búsquedas en distintas redes sociales y marcó múltiples veces al número telefónico provisto, sin dar con el paradero de la demandada. Observamos que, distinto a lo expresado por el foro primario, la parte peticionaria atestiguó las diligencias requeridas para cumplir con las exigencias de las Regla 4.6 de Procedimiento Civil, *supra*. Por lo que, subsanadas las exigencias ordenadas por el foro primario, el peticionario acreditó cumplimiento de las

exigencias dispuestas en la Regla 4.6, *supra,* y la jurisprudencia aplicable. De esta forma, no identificamos algún impedimento para autorizar la expedición del emplazamiento por edicto dirigido a la Sra. Báez Gómez. A esos fines, colegimos que, el TPI incidió en su proceder al denegar la *Segunda moción solicitando emplazamiento por edictos* y así lograr que el foro judicial asumiera jurisdicción en cuanto a dicha codemandada.

Por consiguiente, se reúnen los criterios al amparo de la Regla 40, *supra* que fundamentan nuestra intervención en esta etapa de los procesos, con el fin de revocar el dictamen recurrido y ordenar la expedición del edicto correspondiente a la Sra. Báez Gómez.

En lo concerniente a las corporaciones, surge del expediente ante nuestra consideración que, la parte peticionaria instó dos peticiones para expedir emplazamientos por edicto a ser dirigidos a la FIM y la FIMLA. Junto con las solicitudes acompañó las correspondientes declaraciones juradas suscritas para cada una de las referidas entidades corporativas.[11] No obstante, el foro primario consignó en la orden recurrida que "[n]inguna de las mociones aneja declaración jurada. Como único soporte se anejan capturas de pantallas de búsquedas en el portal del Registro de Corporaciones del Departamento de Estado de Puerto Rico".

Como corolario de lo anterior, justipreciamos que tal dictamen carece de apoyo en el expediente y resulta incompatible con la totalidad de la prueba documental presentada, toda vez que, del récord surge claramente que la parte peticionaria sí anejó las declaraciones juradas pertinentes en apoyo a sus respectivas solicitudes. En su consecuencia, resulta forzoso concluir que el foro primario no adjudicó la controversia conforme al conjunto íntegro

---

[11] Cabe señalar que, surge de la *Réplica a Moción en Oposición a Solicitud de Emplazamiento por Edicto* que la parte peticionaria incluyó, por primera vez, las direcciones de las corporaciones demandadas y hace constar que se trata de corporaciones extranjeras. Información que no fue provista previamente en la solicitud para expedir los emplazamientos por edicto. Véase, Entrada Núm. 35 SUMAC del Poder Judicial.

de la prueba sometida a su consideración, incurriendo en error al emitir la determinación recurrida.

Ante ello, concluimos que, según la normativa antes señalada, se propicia la expedición del auto de *certiorari* y revocación del dictamen recurrido. El TPI erró en su proceder por lo que consideramos prudente devolver el asunto ante su consideración para que examine y aquilate la evidencia presentada y, a la luz de esta, emita la correspondiente adjudicación. Ciertamente, lo antes no limita los asuntos a considerarse dentro del manejo del caso e inclusive de estimarlo necesario podrá celebrar una vista a esos fines.

**IV.**

Por los fundamentos expuestos, se expide el auto de *certiorari* y se revoca el dictamen recurrido. A su vez, ordenamos al TPI a expedir el emplazamiento por edicto dirigida a la Sra. Báez Gómez. En cuanto a las corporaciones demandadas, FIM y FIMLA, devolvemos para su adjudicación conforme lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones